FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y
★ DEC - 4 2007 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LYNNE KAVOURGIAS,

Plaintiff,

v.

C. R. BARD, INC. and DAVOL INC.,

Defendants.

Civil Action No.: CV 07 5032

NOTICE OF REMOVAL

SIFTON, J.

MATSUMOTO, M.J.

**DEFENDANT DAVOL INC.'S AND DEFENDANT C.R. BARD, INC.'S**
**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Davol Inc. and Defendant C.R. Bard, Inc. ("Defendants"), with full reservation of any and all defenses, objections, and exceptions, including but not limited to objections to service, venue, and statute of limitations, hereby remove the above-captioned action from the Supreme Court of the State of New York in and for Queens County, New York, to this Court. In support of removal, Defendants state as follows:

## I. THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

1. Plaintiff commenced this action with her Complaint filed in the Supreme Court of the State of New York in and for Queens County, New York, to this Court, on or about November 13, 2007. Davol was served with the Complaint on November 15, 2007. Bard was served with the Complaint on November 16, 2007.

2. As required by 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants (including Plaintiff's Complaint) is attached hereto as Exhibit A.

3. This Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a), as it is the District Court embracing the Supreme Court of the State of New York in and for Queens County, New York, to this Court, where Plaintiff's Complaint is pending. *See* 28 U.S.C. § 112(c).

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is being filed within 30 days after the first receipt by Bard, through service, of Plaintiff's Complaint, which sets forth the bases for removal.

5. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Supreme Court of the State of New York in and for Queens County, New York, to this Court, where Plaintiff's Complaint is pending. Copies of this Notice of Removal and the written notice of same provided to the state court are also being served upon Plaintiff's counsel in accordance with 28 U.S.C. § 1446(d).

## II. THIS COURT HAS DIVERSITY JURISDICTION.

6. As will be shown more fully below, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000, and there is complete diversity of citizenship between Plaintiff and Davol and Bard. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

### A. The Amount-In-Controversy Requirement Is Satisfied.

7. Although Defendants deny Plaintiff's claims, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been met as Plaintiff's Complaint explicitly seeks damages in the amount of "Five Million Dollars ($5,000,000.00) on each Cause of Action for a total of Thirty Million Dollars ($30,000,000.00)". (Compl. Prayer.)

**B. The Parties Are Completely Diverse.**

8. Plaintiff is a resident and citizen of Queens County, New York. (*See* Compl. 1.)

9. Davol is, and has been at all relevant times, a corporation organized under the laws of the State of Delaware with its principal place of business in Rhode Island. Accordingly, Davol is a citizen of those two states. *See* 28 U.S.C. § 1332(c)(1).

10. Bard is, and has been at all relevant times, a corporation organized under the laws of the State of New Jersey, with its principal place of business in New Jersey. Accordingly, Bard is a citizen of New Jersey. *Id.*

WHEREFORE, Defendant Davol Inc. and Defendant C.R. Bard, Inc. respectfully remove this action from the Supreme Court of the State of New York in and for Queens County, New York, to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. Should any question arise as to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: New York, New York
December 4, 2007

PEPPER HAMILTON LLP

By: ______________________

Samuel J. Abate, Jr. (SA 0915)
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 808-2700

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**CERTIFICATE OF SERVICE**

I hereby certify that, on this 4th day of December, 2007, a true and correct copy of the foregoing Notice of Removal was served upon the following counsel of record by first-class mail:

Christopher R. LoPalo, Esq.
Napoli Bern & Associates, LLP
3500 Sunrise Highway, Suite T-207
Great River, NY 11739
(631) 224-1133

BY: ______________________
Samuel J. Abate, Jr. (SA 0915)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

--------------------------------------------------------------------X

LYNNE KAVOURGIAS,

Plaintiff,

-against-

DAVOL, INC., and C.R. BARD, INC.,

Defendants.

--------------------------------------------------------------------X

Filed: 11/13/07

Index No.: 24214/07

**SUMMONS**

Plaintiff designates Queens County as the place of Trial

Basis of Venue is Plaintiff's residence:
154-47 28th Avenue
Flushing, New York 11354

**You are hereby summoned** to answer the complaint in this action, and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff attorney(s) within twenty days after the service of this summons exclusive of the day of service where service is made by delivery upon you personally within the state, or within 30 days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
November 7, 2007

Yours, etc.,

NAPOLI BERN & ASSOCIATES, LLP
*Attorneys for Plaintiff*

Christopher R. LoPalo

3500 Sunrise Highway, Suit T0207
Great River, New York 11739
Phone: (631) 224-1133
Fax: (631) 224-1774

**Defendants' Addresses**

**DAVOL, INC.**
100 Sockanossett Crossroad
Cranston, Rhode Island 02920

**C.R. BARD, INC.**
Care of the Secretary of State of New York and C.R. Bard, Inc.
730 Central Avenue
Murray Hill, New Jersey 07974

Service Agent: CT Corporation System
111 Eighth Avenue
New York, New York 10011

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
---------------------------------------------------------------X
LYNNE KAVOURGIAS,

Plaintiff,

-against-

DAVOL, INC., and C.R. BARD, INC.,

Defendants.
---------------------------------------------------------------X

Index No.: ____________________

VERIFIED COMPLAINT

Plaintiff LYNNE KAVOURGIAS, by and through their attorneys, Napoli Bern & Associates, LLP, brings this action against Defendants DAVOL, INC., and C.R. BARD, INC., and allege upon, information and belief, and at all times hereinafter mentioned, as follows:

**PARTIES**

1. Plaintiff, LYNNE KAVOURGIAS, hereinafter "Ms. Kavourgias" or "Plaintiff," was and is a resident of the County of Queens, State of New York, and resides at 154-47 28th Avenue, Flushing, New York 11354.

2. Plaintiff bring this action for damages for the severe and permanent personal injuries she sustained, in consequence of her use of a defective implantable product known as a "Composix Kugel Hernia Patches," used to repair ventral or incisional hernias ("subject patch") which product was designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold by Defendants DAVOL, INC. ("DAVOL"), and C.R. BARD, INC. ("BARD") (collectively, "Defendants").

3. On or about April 20, 2005, Ms. Kavorgias underwent an operation to repair her ventral hernia at which time a Composix Kugel Patch was inserted.

4. At all times herein mentioned, Defendant DAVOL was and is incorporated in the State of Delaware, with its principal place of business in Rhode Island, the address being 7100 Sockanossett Crossroad, Cranston, Rhode Island 02920.

5. At all times herein mentioned, Defendant DAVOL was and is authorized to do business in the State of New York.

6. At all times herein mentioned, Defendant DAVOL did and does business and solicits business in New York.

7. At all times herein mentioned, Defendant C.R. BARD was and is incorporated in New Jersey, with its principal place of business in New Jersey, the address being 730 Central Avenue, Murray Hill, New Jersey.

8. At all times herein mentioned, Defendant C.R. BARD was and is authorized to do business in the State of New York.

9. At all times herein mentioned, Defendant C.R. BARD did and does business and solicits business in New York.

10. At all times herein mentioned, Defendant C.R. BARD had and has a registered agent for service of process, namely CT Corporation Systems, located at 111 Eighth Avenue, New York, New York 10011.

11. At all times herein mentioned, Defendant DAVOL was and is a wholly owned subsidiary of defendant C.R. BARD.

12. At all times relevant, Defendant DAVOL was a mere instrumentality, conduit or alter ego for its parent, Defendant C.R. BARD.

13. At all times relevant, Defendant C.R. BARD wholly dominated and continues to dominate the workings and decision-making of DAVOL so that Defendant DAVOL became a

23. The activities of Defendant C.R. BARD in New York include, but are in no way limited to, the marketing, promotion, distribution, and sales of Composix Kugel Hernia Patches, including the subject patch.

24. This Court has jurisdiction over the subject matter and parties to this action.

## AS AND FOR A FIRST CAUSE OF ACTION: DECEPTIVE TRADE PRACTICES

25. Plaintiff hereby adopts, repeats and realleges by reference herein all the allegations contained in paragraphs "1" through "24" as though fully set forth herein.

26. At all times herein mentioned, Defendant DAVOL designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold Composix Kugel Hernia Patches including the subject patch.

27. At all times herein mentioned, Defendant C.R. BARD designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold Composix Kugel Hernia Patches including the subject patch.

28. The intended purpose of the Composix Kugel Hernia Patch is to reconstruct soft tissue, including the repair of ventral or incisional hernias. According to the United States Food and Drug Administration, the Composix Kugel Hernia Patch is designed and manufactured to be *"placed behind the hernia defect through a small incision. The patch is then held open by a 'memory recoil ring' that allows the patch to be folded for insertion and later spring open and lay flat once it is in place."* *See,* "Class 1 Recall: Bard Composix Kugel Mesh Patch, superseded with an updated notice on March 31, 2006 to include additional product codes and lot numbers recalled by the manufacturer." United States Food and Drug Administration posting dated March 2006."

29. Defendant DAVOL designs, tests, develops, manufactures, labels, distributes, promotes, markets and sells Composix Kugel Hernia Patches for implantation in patients.

30. Defendant C.R. BARD designs, tests, develops, manufactures, labels, distributes, promotes, markets and sells Composix Kugel Hernia Patches for implantation in patients.

31. On or about April 20, 2005, Ms. Kavourgias underwent surgical implantation of the subject patch, at North Shore University Hospital.

32. Defendant DAVOL sold and/or provided the subject patch to Ms. Kavourgias and/or North Shore University Hospital and/or the implanting surgeons.

33. Defendant C.R. BARD sold and/or provided the subject patch to Ms. Kavourgias and/or North Shore University Hospital and/or the implanting surgeons.

34. The subject patch was implanted for its intended purpose: soft tissue reconstruction and treatment and management of a hernia.

35. Defendant DAVOL designed the subject patch and its component parts, including the memory recoil ring and its housing.

36. Defendant DAVOL tested the subject patch and its component parts, including the memory recoil ring and its housing.

37. Defendant DAVOL developed the subject patch and its component parts, including the memory recoil ring and its housing.

38. Defendant DAVOL manufactured the subject patch and its component parts, including the memory recoil ring and its housing.

39. Defendant DAVOL labeled, through product and package inserts, the subject patch and its component parts, including the memory recoil ring and its housing.

40. Defendant DAVOL distributed the subject patch and its component parts, including the memory recoil ring and its housing.

41. Defendant DAVOL promoted the subject patch and its component parts, including the memory recoil ring and its housing.

42. Defendant DAVOL marketed the subject patch and its component parts, including the memory recoil ring and its housing.

43. Defendant DAVOL sold the subject patch and its component parts, including the memory recoil ring and its housing.

44. Since the time of plaintiff's injury, Defendant DAVOL has disclosed, albeit in a manner untimely for Ms. Kavourgias and her physical health, that its Composix Kugel Hernia Patches, including the subject patch, and component parts, including the memory recoil ring and its housing, contain design and manufacturing defects.

45. Defendant C.R. BARD designed the subject patch and its component parts, including the memory recoil ring and its housing.

46. Defendant C.R. BARD tested the subject patch and its component parts, including the memory recoil ring and its housing.

47. Defendant C.R. BARD developed the subject patch and its component parts, including the memory recoil ring and its housing.

48. Defendant C.R. BARD manufactured the subject patch and its component parts, including the memory recoil ring and its housing.

49. Defendant C.R. BARD labeled, through product and package inserts, the subject patch and its component parts, including the memory recoil ring and its housing.

50. Defendant C.R. BARD distributed the subject patch and its component parts, including the memory recoil ring and its housing.

51. Defendant C.R. BARD promoted the subject patch and its component parts, including the memory recoil ring and its housing.

52. Defendant C.R. BARD marketed the subject patch and its component parts, including the memory recoil ring and its housing.

53. Defendant C.R. BARD sold the subject patch and its component parts, including the memory recoil ring and its housing.

54. Since the time of plaintiff's injury, Defendant C.R. BARD has disclosed, albeit in a manner untimely for Ms. Kavorgias and her physical health, that its Composix Kugel Hernia Patches, including the subject patch, and component parts, including the memory recoil ring and its housing, contain design and manufacturing defects.

55. On or about March 24, 2006, Defendants DAVOL and C.R. BARD expanded a previous recall of certain of their Composix Kugel Hernia Patches. The expanded recall included the subject patch.

56. At that time, Defendants DAVOL and C.R. BARD disclosed that memory recoil ring breakages had been reported. Specifically, Defendants *"identified the potential for...recoil ring weld breakage on lots of product code numbers... ,"* a range that included the subject patch. *See,* "Important Patient Management Information," correspondence dated March 24, 2006 and authored by David Ciavarella, M.D., Staff Vice President, Corporate Clinical Affairs of DAVOL.

57. Defendants DAVOL and C.R. BARD advised and admitted that the welds of the recoil ring of the subject patch, like those of other Composix Kugel Hernia Patches designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold by the Defendants,

the subject patch. This duty included an obligation to ensure that the Composix Kugel Hernia Patches and/or any component part did not fail, break or splinter because of a design and/or manufacturing defect when used as instructed by the defendants for their intended and foreseeable purpose(s). This duty also included a duty to warn of known defects that may lead to serious injury or risk of serious injury.

64. Defendants DAVOL and C.R. BARD made misrepresentations of material facts, including but not limited to:

a. misrepresenting that their Composix Kugel Hernia Patches, including the subject patch, were fit for their intended uses and of merchantable quality;

b. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, were reliable;

c. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, were safe and effective for the treatment of medical conditions such as those affecting Ms. Kavorgias;

d. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, would function as intended when necessary;

e. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, would not function improperly;

f. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, were not defective;

g. misrepresenting that Composix Kugel Hernia Patches, including the subject patch, would not otherwise fail to function as intended when put to their expected, intended, foreseeable, and/or ordinary purpose(s); and

h. misrepresenting that Composix Kugel Hernia Patches, such as the subject patch, were not inherently dangerous when used for their intended purpose(s).

65. Defendants DAVOL and C.R. BARD made omissions of material facts that were known to them, and which they were obligated to disclose, including but not limited to:

a. omitting to disclose the material fact that Composix Kugel Hernia Patches, such as the subject patch, were defective, such that they and/or their component parts would break and/or splinter upon insertion, and/or otherwise fail to function as intended;

b. omitting to disclose the material fact that the Defendants knew of numerous failures of Composix Kugel Hernia Patches;

c. omitting to disclose the material fact that the Composix Kugel Hernia Patches were not "reliable;"

d. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, were not safe and effective in the treatment of the medical conditions, such as that affecting Mrs. Kavorgias, for which they were intended,

e. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, would not function as intended when necessary;

f. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, were defective, such that they would break and/or splinter upon insertion or otherwise fail to function as intended when put to their expected, intended, foreseeable, and/or ordinary purpose(s); and

g. omitting to disclose the material fact that Composix Kugel Hernia Patches, including the subject patch, were inherently dangerous.

66. These misrepresentations and/or omissions of material fact were false and misleading at the time they were made.

67. Defendants DAVOL and C.R. BARD negligently and/or carelessly made the foregoing misrepresentations of material fact without basis or adequate information on which to accurately base those representations. Alternatively, the Defendants omitted the foregoing material facts negligently and/or carelessly without basis or adequate information upon which to justify such omissions of material fact and/or with actual knowledge and information to make additional disclosure reasonable and appropriate.

68. Defendants had a duty to disclose all relevant information about the risks of their Composix Kugel Hernia Patches, including the subject patch, to Ms. Kavourgias and her treating physicians under laws requiring them not to engage in false and deceptive trade practices, and as otherwise alleged in this Complaint, because: A) Defendants made representations and partial disclosures concerning the nature and quality of their products which they had a duty to correct; B) Defendants were in a superior position to know the true state of facts about the dangerous and

defective nature of their Composix Kugel Hernia Patches, including the subject patch, and the risks the subject patch posed to Ms. Kavourgias; and C) the effects and dangers posed by the defective Composix Kugel Hernia Patches, including the subject patch, were not readily apparent.

69. In the alternative, when the Defendants made the foregoing misrepresentations or omissions of material fact, they knew or should have known them to be false or omissions of material fact, and such misrepresentations and/or omissions of material fact were made intentionally, deliberately, knowingly, wantonly, recklessly and/or in a grossly negligent manner.

70. The reliance upon the foregoing misrepresentations and/or omissions of material fact by the defendants, Ms. Kavourgias and/or her physician(s) were induced to and did, to their detriment, subject themselves to using Defendants' Composix Kugel Hernia Patches, including the subject patch. Had the defendants not made the foregoing misrepresentations and/or omissions of material fact, Ms. Kavourgias and/or her physician(s) could have avoided such risks, injuries, and/or damages as are set forth herein, and/or considered alternative actions, treatments or products. The reliance of Ms. Kavourgias and her physician(s) was justified and reasonable, because the foregoing misrepresentations and/or omissions of material facts were made by individuals and entities who were in a position to know the true facts, the Defendants.

71. General Business Law § 349(a) declares unlawful any deceptive acts or practices in the conduct of any business, commerce or trade.

72. As a direct and proximate result of the aforementioned conduct, misconduct and omissions, Ms. Kavourgias suffered serious and permanent injuries, economic losses associated with all aspects of the care and treatment of her injuries, as well as lost wages, any and all consequential damages, and punitive damages. Ms. Kavourgias will also seek interest, attorney fees, and costs.

73. The limitations of liability set forth by CPLR 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR 1602:

a) Pursuant to CPLR 1602(2)(iv), Defendants are liable for all of Ms. Kavourgias' damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR 1601, by reason of the fact that the Defendants owed Ms. Kavourgias a non-delegable duty of care; and

b) Pursuant to CPLR 1602(7), Defendants are liable for all of Ms. Kavourgias' damages, including but not limited to her non-economic loss, irrespective of the provisions of CPLR 1601, by reason of the fact that the Defendants acted with reckless disregard of the safety of others.

74. As a result of the foregoing, Ms. Kavourgias has been damaged in a sum exceeding the jurisdictional amounts of all lower courts.

75. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches at points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

## AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENCE

76. Plaintiff repeats and reiterates paragraphs "1" through "75" as if fully set forth at length herein.

77. At the aforementioned times, including the date Plaintiff suffered a bowel perforation and all other injuries resulting from the subject patch, and the date of surgical implantation of the subject patch, and for some time prior thereto, Defendants DAVOL and C.R.

BARD were engaged in the business of designing, manufacturing, inspecting, testing, marketing, distributing, promoting, and/or selling Composix Kugel Hernia Patches, and their component parts, including the subject patch, throughout the United States, including the state of New York, for consumption and use by certain members of the general public, physicians and medical practices.

78. During said period of time, and for valuable consideration received, Defendants DAVOL and C.R. BARD, designed, tested, developed, manufactured, labeled, distributed, promoted, marketed and sold the subject defective patch that caused the injuries and damages set forth herein.

79. Defendants DAVOL and C.R. BARD had a duty, and owed a duty to the Plaintiff, to exercise reasonable care, in light of the generally recognized and prevailing best scientific knowledge, in the design, manufacture, testing, marketing, distributing, promoting, and/or selling of Composix Kugel Hernia Patches, including the subject patch, and their component parts. This duty included an obligation to ensure that the Composix Kugel Hernia Patches, including the subject patch: would function without danger to patients receiving them; did not contain recoil rings with welds that could break under the stress of placement; and did not otherwise break, shatter, split or malfunction when used for their intended purpose(s).

80. Defendants DAVOL and C.R. BARD breached their duties by negligently designing, manufacturing, testing, marketing, distributing, promoting and/or selling the subject patch, and its component parts, involved in the occurrence giving rise to this complaint.

81. Defendants DAVOL and C.R. BARD breached their duties by failing to exercise reasonable care in the production of the subject patch.

82. Defendants DAVOL and C.R. BARD breached their duties by failing to exercise reasonable care to ensure that their Composix Kugel Hernia Patches, including the subject patch, would function properly.

83. Defendants DAVOL and C.R. BARD knew or should have known that patients such as the Plaintiff would foreseeably suffer injuries as a proximate result of the failure to exercise ordinary, reasonable, and due care, as described herein.

84. Defendants DAVOL and C.R. BARD, as the designer, manufacturer, tester, marketer, distributor, promoter and/or seller of Composix Kugel Hernia Patches and their component parts, including the subject patch, negligently and/or recklessly breached their duties by failing to warn the Plaintiff and her treating physicians of the dangers associated with the use of the subject patch due to its defective and unsafe condition as aforementioned, and such negligent and/or reckless conduct was a proximate cause of the injuries and damages of the Plaintiff.

85. At the aforesaid times, including when and while surgically implanted in Ms. Kavourgias, the subject patch and its component parts were being used in a manner that was foreseeable and wholly anticipated by the defendants.

86. The subject patch and its component parts were not reasonably safe when being used in a foreseeable manner. Instead, the subject patch and its component parts were defective and unreasonably dangerous when being used for their intended purpose. Defendants DAVOL and C.R. BARD knew, or in the exercise of reasonable care should have known, that said patch and its component parts were defective and unreasonably dangerous when being so used in a foreseeable manner.

87. Defendants DAVOL and C.R. BARD failed to adequately and/or timely warn of the design and manufacturing defects of their Composix Kugel Hernia Patches, including the subject patch.

88. As a direct and proximate result of the aforementioned breaches of duty, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

89. The limitations of liability set forth by CPLR 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR 1602, as set forth above.

90. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

91. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches at points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants DAVOL and C.R. BARD possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT LIABILITY

92. Plaintiff repeats, realleges and reiterates paragraphs "1" through "91" as if fully set forth at length herein.

93. Defendants DAVOL and C.R. BARD were engaged in the business of designing, manufacturing, testing, marketing, distributing, promoting and/or selling Composix Kugel Hernia Patches, including the subject patch. Defendants Composix Kugel Hernia Patches were, and remain, guarantors of the safety of their Composix Kugel Hernia Patches, including the subject patch.

94. Defendants DAVOL and C.R. BARD intended and intends for patients to have their Composix Kugel Hernia Patches, including the subject patch, implanted in their bodies for the reasons described herein.

95. The subject patch and its component parts were defective in design.

96. Additionally, or alternatively, the subject patch and its component parts were defective in their construction or manufacture.

97. As a result of the aforementioned design defects and/or manufacturing defects, the subject patch and its component parts were in a defective condition, unreasonably dangerous to the Plaintiff, and the subject patch was unfit for its intended use, at the time of sale by Defendants DAVOL and C.R. BARD, and at the time of implantation.

98. Composix Kugel Hernia Patches manufactured by Defendants DAVOL and C.R. BARD, including the subject patch, were defective and unreasonably dangerous when implanted, due to the possibility of breakage of the recoil ring weld, causing bowel and vascular injury, and/or other injury resulting from defect(s) in the product.

99. As a proximate result of the failures and actionable wrongful conduct herein alleged, the subject patch was in a defective condition, unreasonably dangerous in that it was unsafe for its intended use.

100. Defendants DAVOL and C.R. BARD were and remain strictly liable in tort for the design, manufacture, testing, inspection, distribution, promotion and/or sale of a defective product, the subject patch. Defects in the design and/or manufacture of the subject patch were substantial factors in bringing about the aforesaid occurrence and resulting serious injuries sustained by Ms. Kavourgias.

101. As a direct and proximate result of the defectively designed and manufactured subject patch, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

102. The limitations of liability set forth by CPLR 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR 1602, as set forth above.

103. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

104. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take

corrective action, such as a recall, at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

**AS AND FOR A FOURTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY**

105. Plaintiff repeats, realleges and reiterates paragraphs "1" through "104 as if fully set forth at length herein.

106. Defendants DAVOL and C.R. BARD were and remain engaged in the business of designing, manufacturing, testing, marketing, distributing, promoting and/or selling Composix Kugel Hernia Patches, including the subject patch, and their component parts, for ultimate use by and implantation in the bodies of patients, including the Plaintiff, by and through physicians, hospitals, and other health-care providers.

107. Defendants DAVOL and C.R. BARD are merchants of Composix Kugel Hernia Patches.

108. By placing Composix Kugel Hernia Patches into the stream of commerce, the Defendants impliedly warranted and represented that their Composix Kugel Hernia Patches, such as the subject patch, were merchantable, and fit, suitable, and safe for their intended use(s).

109. The Plaintiff, individually and through her physicians, relied upon the skill and judgment of Defendants DAVOL and C.R. BARD, their agents, employees and representatives.

110. The Plaintiff, individually and through her physicians, relied upon the representations and warranties of Defendants DAVOL and C.R. BARD, their agents, employees and representatives.

111. All of the aforementioned representations were false, misleading and inaccurate in that Composix Kugel Hernia Patches placed into the stream of commerce by the Defendants, such

as and including the subject patch, were defective, unreasonably dangerous, hazardous and neither merchantable, fit, suitable nor safe for their intended use(s).

112. Composix Kugel Hernia Patches placed into the stream of commerce by the Defendants, such as and including the subject patch, were also inadequately contained, packaged, and labeled in that the Defendants misrepresented and/or omitted material facts regarding the safety, reliability, and effectiveness of these products, which were neither merchantable, fit, safe nor suitable for their intended use(s).

113. The defects in the Composix Kugel Hernia Patches, including subject patch, such as defective recoil ring welds, were present at the time the product(s) left the hands of the Defendants and placed into the stream of commerce.

114. The Defendants thus breached implied warranties of merchantability, fitness and suitability with respect to the Composix Kugel Hernia Patches) such as and including the subject patch.

115. The Plaintiff was and remains an intended and foreseeable user of the Defendants' Composix Kugel Hernia Patches, and as a direct and proximate result of the Defendants' breach of implied warranties, she suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

116. The limitations of liability set forth by CPLR 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR 1602, as set forth above.

117. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

118. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

**AS AND FOR A FIFTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY**

119. Plaintiff repeats, realleges and reiterates paragraphs "1" through "118" as if fully set forth at length herein.

120. Defendants DAVOL and C.R. BARD expressly warranted that their Composix Kugel Hernia Patches, including the subject patch, would be designed and constructed in a careful, diligent, and workmanlike manner, free of design and construction defects, and would be safe, reliable, and effective in performing their intended and foreseeable use(s).

121. Plaintiff, individually and through her physicians, relied upon the skill and judgment of Defendants DAVOL and C.R. BARD.

122. Plaintiff, individually and through her physicians, relied upon the representations and warranties of Defendants DAVOL and C.R. BARD.

123. All of the aforementioned representations were false, misleading and inaccurate in that Composix Kugel Hernia Patches placed into the stream of commerce by the Defendants, such

as and including the subject patch, were defective, unreasonably dangerous, hazardous and neither merchantable, fit, suitable nor safe for their intended use(s).

124. The subject patch was not designed and/or constructed in a careful, diligent and workmanlike manner, free of design and construction defects.

125. Defendants DAVOL and C.R. BARD thereby breached their express warranties.

126. As a direct and proximate result of this breach of express warranties, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs,

127. The limitations of liability set forth by CPLR 1601 do not apply as this action falls within one or more of the exceptions set forth in CPLR 1602, as set forth above.

128. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

129. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION: FALSE ADVERTISING

130. Plaintiff hereby repeats, realleges and reiterates by reference herein all the allegations contained in paragraphs "1" through "129" as though fully set forth at length herein.

131. General Business Law § 350 declares unlawful advertising that is false or misleading in a material respect in the conduct of any business or in the furnishing of any service.

132. The aforementioned acts, representations and/or omissions by Defendants were deceptive and misleading practices and/or advertising within the meaning of New York's General Business Law.

133. In reliance upon the foregoing misrepresentations and/or omissions of material fact by the defendant, the Plaintiff and/or the Plaintiff physician(s) were induced to and did, to their detriment, subject themselves to using the Defendants' Composix Kugel Hernia Patches. Had the Defendants not made the foregoing misrepresentations and/or omissions of material fact, the Plaintiff and/or the Plaintiff physician(s) could have avoided such risks, injuries, and/or damages as are set forth herein, and/or considered alternative actions, treatments or products. The reliance of the Plaintiff and the Plaintiff's physician(s) was justified and reasonable, because the foregoing misrepresentations and/or omissions of material facts were made by individuals and entities who were in a position to know the true facts.

134. As a direct and proximate result of the Defendants' false advertising, the Plaintiff suffered serious injuries and is entitled to damages for her serious and permanent injuries, pain and suffering, physical and emotional distress, lost wages and the amount of costs associated with medical treatment necessary to treat her injuries, any and all consequential damages, punitive damages, as well as interest, attorney fees, and costs.

135. The limitations of liability set forth by CPLR 1601 do not apply as this action. falls within one or more of the exceptions set forth in CPLR 1602, as set forth above.

136. As a result of the foregoing, Plaintiff has been damaged in a sum exceeding the jurisdictional amount of all lower courts.

137. By reason of their affirmative decisions, consent and/or authorization not to issue notices, warnings and/or instructions that would have accurately and completely conveyed the true risks and hazards of use of their Composix Kugel Hernia Patches points in time relevant to the allegations giving rise to this complaint and at points in time when Defendants possessed such knowledge of the actual hazards, dangers and shortcomings of their Composix Kugel Hernia Patches, to patients and their treating physicians, and by virtue of Defendants' failure to take corrective action at such points in time, Defendants are liable for punitive damages in a sum that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction of this action.

WHEREFORE, Plaintiff demands judgment against Defendants jointly and severally, for compensatory damages as well as interest, the costs and disbursements of this action and such other, further and different relief as the Court deems just and proper. Plaintiff further demands punitive damages in such an amount as a jury deems reasonable given that Defendants engaged in egregious, tortious conduct by which the Plaintiff was aggrieved and given that Defendants egregious, tortious conduct was part of a pattern of similar conduct directed at the public generally. As a result of the foregoing, Plaintiff prays for relief as follows: Five Million Dollars ($5,000,000.00) on each Cause of Action for a total of Thirty Million Dollars ($30,000,000.00):

| | |
|---|---|
| FIRST CAUSE OF ACTION: DECPTIVE TRADE PRACTICES | ($5,000,000.00) |
| SECOND CAUSE OF ACTION: NEGLIGENCE | ($5,000,000.00) |
| THIRD CAUSE OF ACTION: STRICT LIABILITY | ($5,000,000.00) |
| FOURTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY | ($5,000,000.00) |
| FIFTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY | ($5,000,000.00) |
| SIXTH CAUSE OF ACTION: EXPRESS WARRANTY | ($5,000,000.00) |

**TRIAL BY JURY DEMANDED**

Plaintiff further demands a trial by jury on all issues to be tried.

Dated: New York, New York
November 7, 2007

NAPOLI BERN & ASSOCIATES, LLP
*Attorneys for the Plaintiff*

By: [signature]
Christopher R. LoPalo

3500 Sunrise Highway, Suit T0207
Great River, New York 11739
Phone: (631) 224-1133
Fax: (631) 224-1774

*Attorneys for Plaintiff*

VERIFICATION

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

Christopher R. LoPalo, being duly sworn, deposes and says:

I am an attorney duly licensed to practice before the Courts of the State of New York and associated with law firm of NAPOLI BERN & ASSOCIATES, LLP., attorneys for the Plaintiff herein.

I have read the foregoing VERIFIED COMPLAINT and know the contents thereof, and upon information and belief deponent believes the matters alleged therein to be true.

The source of deponent's information and the grounds of his beliefs are communications, papers, reports, deposition transcripts and investigations contained in the file. The reason why this affirmation is made by plaintiff's counsel, and not the plaintiff is because the plaintiff does not reside in the county where plaintiff's counsel maintains a law practice.

Christopher R. LoPalo