UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LYNNE KAVOURGIAS, Plaintiff, v. DAVOL INC. and C.R. BARD, INC., Defendants. | Case No.: 07-cv-5032 (CPS) |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS DAVOL INC. AND C.R. BARD, INC.

Defendants and Davol Inc. ("Davol") and C.R. Bard, Inc. ("Bard"), (collectively, "Defendants") by and through counsel, answer the Plaintiff's Complaint (the "Complaint") as follows:

## PARTIES

1. Paragraph 1 of the Complaint contains allegations regarding parties other than Defendants to which no response is required. To the extent that a response is required, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and therefore deny the same.

2. To the extent these allegations are directed against Bard, Bard denies them. Davol admits that it designed, distributed, marketed, labeled, and, on limited occasions, manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tested," "developed," or "promoted" beyond the meanings of designed, marketed, and distributed which have already been admitted and therefore denies these allegations. The

remaining allegations are conclusions of law to which no response in required, but to the extent a response is necessary, Davol denies the allegations.

3. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and therefore deny the same.

4. The allegations in Paragraph 4 are not directed to Bard, and therefore no response is required. Davol admits that it is organized under the laws of the State of Delaware with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 02920.

5. The allegations in Paragraph 5 are not directed to Bard, and therefore no response is required. Davol states there is no requirement for it to be "authorized to do business" in New York, and therefore denies the allegations in Paragraph 5. Davol admits that it is legal for it to conduct business in New York.

6. The allegations in Paragraph 6 are not directed to Bard, and therefore no response is required. Davol admits that it solicits and sells medical devices, including the Composix® Kugel® Hernia Patch to licensed healthcare professionals throughout the United States, including the State of New York.

7. The allegations in Paragraph 7 are not directed to Davol, and therefore no response is required. Bard admits that it is a registered New Jersey corporation with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974.

8. The allegations in Paragraph 8 are not directed to Davol, and therefore no response is required. Bard admits that it is a registered New York business.

9. The allegations in Paragraph 9 are not directed to Davol, and therefore no response is required. Bard admits that its subsidiary Davol solicits and sells medical devices,

including the Composix® Kugel® Hernia Patch to licensed healthcare professionals throughout the United States, including the State of New York

10. The allegations in Paragraph 10 are not directed to Davol, and therefore no response is required. Bard admits that its registered agent is CT Corporation Systems, 111 8th Avenue, New York, New York 10011.

11. Defendants admit that Davol is a wholly owned subsidiary of Bard.

12. Denied. Davol is a separate legal entity and not a "mere instrumentality, conduit or alter ego" of Bard.

13. Denied. Davol is a separate legal entity that is solely responsible for the design, manufacture, distribution, and sale of the Composix® Kugel® Hernia Patch.

14. The allegations in Paragraph 14 are not directed to Bard, and therefore no response is required. Davol admits that it designed, distributed, labeled, and, on limited occasions, manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tested," "developed," or "promoted" beyond the meanings of designed and distributed which have already been admitted; therefore Davol denies these allegations.

15. The allegations in Paragraph 15 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 15.

16. The allegations in Paragraph 16 are not directed to Bard, and therefore no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. Davol further denies that it provided any service in New York, or elsewhere, as it is a medical device manufacturer.

17. The allegations in Paragraph 17 are not directed to Davol, and therefore no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer. Bard further denies that it provided any service in New York, or elsewhere, as it is a medical device manufacturer.

18. The allegations in Paragraph 18 are not directed to Bard, and therefore no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer.

19. The allegations in Paragraph 19 are not directed to Davol, and therefore no response is required. "Substantial revenue" is a legal term of art and the legal conclusion contained therein does not require an answer.

20. The allegations in Paragraph 20 are not directed to Bard, and therefore no response is required. Davol is unable to respond to this paragraph as it is unintelligibly overbroad. To the extent that a response is required, Davol denies these allegations.

21. The allegations in Paragraph 21 are not directed to Davol, and therefore no response is required. Bard is unable to respond to this paragraph as it is unintelligibly overbroad. To the extent that a response is required, Bard denies these allegations.

22. The allegations in Paragraph 22 are not directed to Bard, and therefore no response is required. Davol admits that at various times it distributed, marketed, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the State of New York. As to the remaining allegations, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 22 and therefore denies the allegations.

23. The allegations in Paragraph 23 are not directed to Davol, and therefore no response is required. Bard denies the remaining allegations.

24. The allegations in Paragraph 24 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AS AND FOR A FIRST CAUSE OF ACTION: DECEPTIVE TRADE PRACTICES**

25. In response to Paragraph 25 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

26. The allegations in Paragraph 26 are not directed to Bard, and therefore no response is required. Davol admits that at various times it designed, manufactured, distributed, marketed, labeled, and sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tested," "developed," or "promoted" beyond the meanings of designed and marketed which have already been admitted; therefore Davol denies these allegations. As to the remaining allegations, Davol lacks sufficient knowledge or information to form a belief as to the truth of the allegation in Paragraph 26 and therefore denies the allegations.

27. The allegations in Paragraph 27 are not directed to Davol, and therefore no response is required. Bard denies the allegations.

28. To the extent the allegations in Paragraph 28 are not directed to Bard, and therefore no response is required. Davol admits that the Composix® Kugel® Hernia Patch is indicated for "use in the reconstruction of soft tissue deficiencies, such as for the repair of hernias." Answering further, Defendants admit that the federal Food and Drug Administration documents speak for themselves. To the extent any material allegations are made, Defendants deny them.

29. The allegations in Paragraph 29 are not directed to Bard, and therefore no response is required. Davol admits that at various times it designed, distributed, labeled, marketed, and manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tests," "develops," or "promotes" beyond the meanings of designed, manufactured, marketed, and distributed, which have already been admitted; therefore Davol denies these allegations.

30. The allegations in Paragraph 30 are not directed to Davol, and therefore no response is required. Bard denies the allegations.

31. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

32. The allegations in Paragraph 32 are not directed to Bard, and therefore no response is required. Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

33. The allegations in Paragraph 33 are not directed to Davol, and therefore no response is required. Bard denies the allegations.

34. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny the allegations.

35. The allegations in Paragraph 35 are not directed to Bard, and therefore no response is required. Davol admits that it designed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations in Paragraph 35, Davol lacks knowledge or information sufficient to form

a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

36. The allegations in Paragraph 36 are not directed to Bard, and therefore no response is required. Davol does not know what is meant by "tested" beyond the meaning of designed and manufactured, which have already been admitted; therefore Davol denies the allegation. As to the remaining allegations in Paragraph 36, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

37. The allegations in Paragraph 37 are not directed to Bard, and therefore no response is required. Davol does not know what is meant by "developed" beyond the meaning of designed, which has already been admitted; therefore Davol denies the allegation. As to the remaining allegations in Paragraph 37, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

38. The allegations in Paragraph 38 are not directed to Bard, and therefore no response is required. Davol admits that at various times it has conducted limited manufacturing of the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations in Paragraph 38, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

39. The allegations in Paragraph 39 are not directed to Bard, and therefore no response is required. Davol admits that it provided labeling for the Composix® Kugel® Hernia Patch. As to the remaining allegations in Paragraph 39, Davol lacks knowledge or information

sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

40. The allegations in Paragraph 40 are not directed to Bard, and therefore no response is required. Davol admits that it distributed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations in Paragraph 40, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

41. The allegations in Paragraph 41 are not directed to Bard, and therefore no response is required. Davol does not know what is meant by "promoted" beyond the meaning of marketed or distributed, which have already been admitted; therefore Davol denies the allegation. As to the remaining allegations in Paragraph 41, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

42. The allegations in Paragraph 42 are not directed to Bard, and therefore no response is required. Davol admits that it marketed the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the remaining allegations in Paragraph 42, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

43. The allegations in Paragraph 43 are not directed to Bard, and therefore no response is required. Davol admits that it sold the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. As to the

remaining allegations in Paragraph 43, Davol lacks knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Davol therefore denies the allegations.

44. The allegations in Paragraph 44 are not directed to Bard, and therefore no response is required. Davol denies the allegations.

45. The allegations in Paragraph 45 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 45 of the complaint.

46. The allegations in Paragraph 46 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 46 of the complaint.

47. The allegations in Paragraph 47 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 47 of the complaint.

48. The allegations in Paragraph 48 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 48 of the complaint.

49. The allegations in Paragraph 49 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 49 of the complaint.

50. The allegations in Paragraph 50 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 50 of the complaint.

51. The allegations in Paragraph 51 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 51 of the complaint.

52. The allegations in Paragraph 52 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 52 of the complaint.

53. The allegations in Paragraph 53 are not directed to Davol, and therefore no response is required. Bard denies each and every allegation contained in Paragraph 53 of the complaint.

54. The allegations in Paragraph 54 are not directed to Davol, and therefore no response is required. Bard denies the allegations.

55. Defendants admit that a limited voluntary recall of certain larger-sized Composix® Kugel® Hernia Patches took place in late 2005, early 2006, and early 2007. Defendants further state these products have since been returned to the market with FDA approval. As to the remaining allegations, Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 55 and therefore deny the allegations.

56. To the extent the allegations are directed toward Bard, Bard denies them. Davol submits that the March 24, 2006, "Dear Healthcare Professional" letter cited in Paragraph 56 speaks for itself. To the extent any material allegations are alleged, Davol denies them.

57. To the extent the allegations are directed toward Bard, Bard denies them. Davol submits that the March 24, 2006, "Dear Healthcare Professional" letter cited in Paragraph 57 speaks for itself. To the extent any material allegations are alleged, Davol denies them.

58. The allegations in Paragraph 58 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations. As to the remaining allegations, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

59. The allegations in Paragraph 59 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

60. The allegations in Paragraph 60 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

61. Defendants deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint. Defendants state that at all relevant times it timely informed the FDA of all reportable medical device reports of which they were aware. Defendants' ability to inform healthcare professionals and the "consuming public" is controlled by FDA regulations, which were complied with.

63. The allegations in Paragraph 63 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

64. The allegations in Paragraph 64 and its subparts (a) through (h) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

65. The allegations in Paragraph 65 and its subparts (a) through (g) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

66. The allegations in Paragraph 66 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

67. The allegations in Paragraph 67 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

68. The allegations in Paragraph 68 and its subparts (A) through (C) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

69. The allegations in Paragraph 69 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

70. The allegations in Paragraph 70 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

71. The allegations in Paragraph 71 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

72. The allegations in Paragraph 72 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

73. The allegations in Paragraph 73 and its subparts (a) through (b) are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

74. The allegations in Paragraph 74 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

75. The allegations in Paragraph 75 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AS AND FOR A SECOND CAUSE OF ACTION: NEGLIGENCE

76. In response to Paragraph 76 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

77. To the extent the allegations in Paragraph 77 are directed toward Bard, Bard denies them. Davol admits that at various times it designed, distributed, marketed, sold, and, on limited occasions, manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of New York. Davol does not know what is meant by "testing," "developing," or "promoting" beyond the meanings of designed, manufactured, marketed, and distributed, which have already been admitted; therefore Davol denies these allegations.

78. To the extent the allegations in Paragraph 78 are directed toward Bard, Bard denies them. Davol admits that at various times it designed, labeled, distributed, marketed, sold, and, on limited occasions, manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information. Davol does not know what is meant by "tested," "developed," or "promoted" beyond the meanings of designed, manufactured, marketed, and distributed, which have already been admitted; therefore Davol denies these allegations. Answering further, Davol submits that the term "valuable consideration" is a term of art and a conclusion of law thus not requiring a response. To the extent a response is necessary, Davol denies the allegation. Davol denies the remaining allegations.

79. The allegations in Paragraph 79 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

80. The allegations in Paragraph 80 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

81. The allegations in Paragraph 81 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

82. The allegations in Paragraph 82 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

83. The allegations in Paragraph 83 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

84. The allegations in Paragraph 84 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

85. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

86. The allegations in Paragraph 86 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

87. The allegations in Paragraph 87 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

88. The allegations in Paragraph 88 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

89. The allegations in Paragraph 89 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

90. The allegations in Paragraph 90 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

91. The allegations in Paragraph 91 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT LIABILITY

92. In response to Paragraph 92 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

93. To the extent the allegations in Paragraph 93 are directed toward Bard, Bard denies them. Davol admits that at various times it designed, distributed, marketed, sold, and, on limited occasions, manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of New York. Davol does not know what is meant by "testing," "developing," or "promoting" beyond the meanings of designed, manufactured, marketed, and distributed, which have already been admitted; therefore Davol denies these allegations.

94. Defendants admit that the Composix® Kugel® Hernia Patch is intended to be implanted into the human body for the repair of soft tissue defects such as ventral or incisional hernias.

95. The allegations in Paragraph 95 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

96. The allegations in Paragraph 96 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

97. The allegations in Paragraph 97 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

98. The allegations in Paragraph 98 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

99. The allegations in Paragraph 99 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

100. The allegations in Paragraph 100 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

101. The allegations in Paragraph 101 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

102. The allegations in Paragraph 102 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

103. The allegations in Paragraph 103 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

104. The allegations in Paragraph 104 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AS AND FOR A FOURTH CAUSE OF ACTION: BREACH OF IMPLIED WARRANTY**

105. In response to Paragraph 105 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

106. To the extent the allegations in Paragraph 106 are directed toward Bard, Bard denies them. Davol admits that at various times it designed, distributed, marketed, sold, and, on limited occasions, manufactured the Composix® Kugel® Hernia Patch for use by prescribing physicians in accordance with its accompanying labeling information throughout the United States, including the state of New York. Davol does not know what is meant by "testing," "developing," or "promoting" beyond the meanings of designed, manufactured, marketed, and distributed, which have already been admitted; therefore Davol denies these allegations.

107. The allegations in Paragraph 107 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

108. The allegations in Paragraph 108 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

109. The allegations in Paragraph 109 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

110. The allegations in Paragraph 110 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

111. The allegations in Paragraph 111 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

112. The allegations in Paragraph 112 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

113. The allegations in Paragraph 113 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

114. The allegations in Paragraph 114 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

115. The allegations in Paragraph 115 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

116. The allegations in Paragraph 116 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

117. The allegations in Paragraph 117 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

118. The allegations in Paragraph 118 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AS AND FOR A FIFTH CAUSE OF ACTION: BREACH OF EXPRESS WARRANTY**

119. In response to Paragraph 119 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

120. The allegations in Paragraph 120 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

121. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and Defendants therefore deny those allegations.

122. The allegations in Paragraph 122 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

123. The allegations in Paragraph 123 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

124. The allegations in Paragraph 124 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

125. The allegations in Paragraph 125 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

126. The allegations in Paragraph 126 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

127. The allegations in Paragraph 127 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

128. The allegations in Paragraph 128 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

129. The allegations in Paragraph 129 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

**AS AND FOR A SIXTH CAUSE OF ACTION: FALSE ADVERTISING**

130. In response to Paragraph 130 of the Complaint, Defendants incorporate by reference their responses to the allegations in all preceding paragraphs of the Complaint.

131. The allegations in Paragraph 131 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

132. The allegations in Paragraph 132 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

133. The allegations in Paragraph 133 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

134. The allegations in Paragraph 134 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

135. The allegations in Paragraph 135 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

136. The allegations in Paragraph 136 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

137. The allegations in Paragraph 137 are conclusions of law and no answer is required. To the extent an answer is required, Defendants deny the allegations.

## AFFIRMATIVE DEFENSES

1. The Complaint, in whole or part, fails to state a claim or cause of action against Defendants upon which relief can be granted.

2. The doctrines contained in Restatement (Second) of Torts § 402A, Comment k, bar Plaintiff's claims against Defendants in whole or in part.

3. The doctrines contained in Restatement (Third) of Torts, Product Liability §§ 4 and 6, bar Plaintiff's claims against Defendants in whole or in part.

4. The doctrine of spoliation and the failure to properly preserve evidence necessary to the determination of the alleged claims bars them.

5. Applicable statutes of limitations, statute of repose, and the doctrine of laches bar Plaintiff's claims in whole or in part.

6. Plaintiff's, or her agents', including her physicians', misuse or abnormal use of the product or failure to follow instructions bar the Plaintiff's claims in whole or in part.

7. If Plaintiff used a product sold by Defendants, then Plaintiff's claims are barred, in whole or in part, because Plaintiff assumed the risks disclosed by the product labeling, by the prescribing physicians, or by other persons or entities.

8. Any alleged negligent or culpable conduct of Defendants, none being admitted, was so insubstantial as to be insufficient to be a proximate or substantial contributing cause of Plaintiff's alleged injuries.

9. If Plaintiff sustained any damages or injuries, then such damages and injuries were caused or contributed to by the acts, omissions or fault of Plaintiff, including contributory negligence, contributory fault, comparative fault, assumption of the risk, or failure to mitigate damages.

10. If Plaintiff used a product sold by Defendants, Plaintiff used the product for off-label purposes, which bars the Plaintiff's claims.

11. The learned intermediary doctrine bars Plaintiff's claims.

12. Plaintiff's claims are barred, in whole or in part, because the products at issue were designed, manufactured, marketed and labeled with proper warnings, information, cautions and instructions, in accordance with the state of the art and the state of scientific and technological knowledge.

13. Plaintiff's claims are barred, in whole or in part, because the products at issue were not defective or unreasonably dangerous in that they complied with, at all relevant times, all applicable government safety standards.

14. Plaintiff's claims are preempted, in whole or in part, by applicable federal law.

15. Plaintiff's claims are barred, in whole or in part, because Plaintiff's injuries, if any, were the result of conduct of Plaintiff, independent third parties, and/or events that were extraordinary under the circumstances, not foreseeable in the normal course of events, and/or independent, intervening and superseding causes of the alleged injuries, including but not limited to Plaintiff's pre-existing medical conditions.

16. If Plaintiff suffered injury or damages as alleged, which is denied, such injury or damage resulted from acts or omissions of persons or entities for which Defendants are neither liable nor responsible or resulted from diseases and/or causes that are not related or connected with any product sold, distributed, or manufactured by Defendants. Such acts or omissions on the part of others or diseases or causes constitute an independent, intervening and sole proximate cause of Plaintiff's alleged injury or damages.

17. Defendants state that if Plaintiff sustained any damages or injuries, which is specifically denied, and such damages or injuries were caused by the acts, omissions or fault of Plaintiff or others, for whose conduct these defendants are not responsible; accordingly, they are entitled to an assessment of the relative degree of fault for all such persons and entities.

18. Plaintiff's claims are barred, in whole or in part, because Plaintiff's alleged injuries, if caused by the Composix® Kugel® Hernia Patch, which is denied, were the result of Plaintiff's own idiosyncratic reactions.

19. Plaintiff failed to mitigate, which limits Plaintiff's damages, if any, in whole or in part.

20. Defendants have no legal relationship or privity with Plaintiff and owe no duty to Plaintiff by which liability could be attributed to it.

21. Defendants made no warranties of any kind, express or implied, or any representations of any nature whatsoever to Plaintiff. If any such warranties were made, whether express or implied, which Defendants specifically deny, then Plaintiff failed to give notice of any breach thereof. Moreover, Defendants effectively and fully disclaimed any warranty, express or implied, in the sale of any product for which they are responsible in this matter.

22. Plaintiff's causes of action are barred in whole or in part by Plaintiff's own comparative negligence.

23. Plaintiff's recovery, if any, shall be reduced by those payments that Plaintiff received from collateral sources.

24. If Plaintiff has been injured or damaged, no injury or damages being admitted, such injuries were not caused by Defendants' product.

25. At the time the product at issue, the Composix® Kugel® Hernia Patch, left the custody and control of Defendants, there was no defect in said product that either caused or contributed to any injuries or damages that Plaintiff may have suffered, if any.

26. The applicable state and federal law, including *State Farm Mutual Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003), bars Plaintiff's alleged claims for punitive or exemplary damages. Permitting recovery of punitive or exemplary damages in this case would violate Defendants' rights as reserved by the Fifth, Seventh, Eighth, and Fourteenth Amendments to the United States Constitution, and related provisions of the United States Constitution, as well as the applicable due process guarantees of the New York Constitution.

27. To the extent that the applicable state law permits the jury and Courts to measure punitive or exemplary damages by the net worth or financial status of Defendants and imposes greater punishment on defendants with greater net worth, such an award would be

unconstitutional because it permits arbitrary punishment, allows bias and prejudice to infect the verdict, and allows dissimilar treatment of similarly situated defendants, all in violation of the due process and equal protection provisions of the Fourteenth Amendment to the United States Constitution, the Commerce Clause of the United States Constitution, and the similar provisions of the New York Constitution.

28. To the extent Plaintiff's Complaint seeks punitive damages, such claims are barred because Plaintiff has failed to allege conduct warranting the imposition of punitive damages under New York and/or other applicable laws.

29. To the extent Plaintiff's Complaint seeks punitive damages, applicable federal law preempts any such claim, in whole or in part.

30. Plaintiff's claims are, in whole or in part, subject to adjudication under the laws of states or jurisdictions other than New York.

31. Defendants hereby give notice that they intend to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves their right to amend this Answer to assert such defenses.

WHEREFORE, Defendants Davol Inc. and C.R. Bard, Inc. demand judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint with prejudice, together with the costs of suit and such other relief as the Court deems equitable and just.

Dated: New York, New York
December 6, 2007

PEPPER HAMILTON LLP

By: ______________________
Samuel J. Abate, Jr. (SA 0915)
The New York Times Building
620 Eighth Avenue
New York, New York 10018-1405
(212) 808-2700

Of Counsel:

Kirby T. Griffis
Dana Alan Gausepohl
Spriggs & Hollingsworth
1350 I Street N.W.
Washington, DC 20005
(202) 898-5800
(202) 682-1639 (fax)

**ATTORNEYS FOR DEFENDANT DAVOL INC. AND DEFENDANT C.R. BARD, INC.**

**JURY TRIAL DEMAND**

PLEASE TAKE NOTICE that answering defendants hereby demand a trial by jury as to all issues.

Samuel J. Abate, Jr. (SA 0915)

**CERTIFICATE OF SERVICE**

I hereby certify that on December 6, 2007, a copy of the foregoing Answer and Affirmative Defenses has been made upon the following by first-class mail:

Christopher R. LoPalo, Esq.
Napoli Bern & Associates, LLP
3500 Sunrise Highway, Suite T-207
Great River, NY 11739
(631) 224-1133

Samuel J. Abate, Jr. (SA 0915)